**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**NAUM SHKOLNIK,**

                          Plaintiff,                      No. 07-cv-0854
                                                                     (GLS-DRH)

           v.

**PHILIPS MEDICAL SYSTEMS MR, INC.,**

                          Defendant.
_____

**APPEARANCES:**

FOR PLAINTIFF:

| | |
|---|---|
| OTTINGER LAW FIRM | CARRIE R. KURZON, ESQ. |
| 19 Fulton Street, Suite 408 | ROBERT W. OTTINGER, ESQ. |
| New York, NY 10038 | |
| | |
| GLEASON, DUNN LAW FIRM | RONALD G. DUNN, ESQ. |
| 40 Beaver Street | |
| Albany, NY 12207 | |

FOR DEFENDANT:

| | |
|---|---|
| McGUIRE, WOODS LAW FIRM | MICHAEL J. DiMATTIA, ESQ. |
| 1345 Avenue of the Americas | PHILIP A. GOLDSTEIN, ESQ. |
| 7th Floor | |
| New York, NY 10105-0106 | |

**Gary L. Sharpe
U.S. District Judge**

## **DECISION AND ORDER**

Currently before the court is defendant Philips Medical Systems MR, Inc.'s ("Philips") motion for summary judgment (Dkt. No. 28). Following review of the briefs in support thereof, plaintiff Naum Shkolnik's ("Shkolnik") response, and the record on the matter, the court denies Philips' motion.

## **BACKGROUND**

The following relevant facts are undisputed. Shkolnik, who was born in Ukraine, is an immigrant to the United States. (*See* Defendant's Statement of Material Facts, Dkt. No. 33 at ¶ 8.) Soon after Shkolnik immigrated to the United States, Intermagnetics General Corporation ("Intermagnetics") hired him in 1992. (*Id.* at ¶18.) In 2006, Intergmagnetics was acquired by Phillips and Shkolnik remained employed by Philips. (*Id.* at ¶¶ 4 and 20.) At the time of such acquisition, Shkolnik occupied the position of "Liaison Engineer." (*Id.* at ¶ 20.) In that position, Shkolnik served as "a conduit between the engineering design and operation (factory) departments." (*Id.* at ¶ 22.) Because English is Shkolnik's second language, evaluation appraisals reflected that Shkolnik's lack of proficiency in English was a "language barrier" for Shkolnik. (*Id.* at ¶¶ 38-39.) Shkolnik's 2000 performance evaluation rated him "[b]elow Expectations

2

for Decision Making and Judgment." (*Id.* at ¶ 41.)  This evaluation stated: "I don't think this is due to carelessness, I believe it is a by product of [Shkolnik's] desire to correct a problem instantly." (*Id.* at ¶ 42.)  Shkolnik's 2001 evaluation indicated: "[a]t times it is difficult to express an opinion or understand [Shkolnik's] ideas due to his lack of communication skills." (*Id.* at ¶ 44.)  Shkolnik's lack of proficiency in the English language continued to be an issue of concern in his subsequent performance evaluations. (*Id.* at ¶¶ 54, 55 and 63.)

In March 2007, Shkolnik was diagnosed with kidney cancer. (*Id.* at ¶ 252.)  On March 16, 2007, Shkolnik underwent a surgical procedure related to his cancer diagnosis. (*Id.* at ¶ 254.) Prior to the surgery, Shkolnik asked his supervisor for permission to take a leave of absence and use his accrued sick time. (*Id.* at ¶ 261.) Shkolnik's supervisor told him "[d]o whatever [he] need[s], it doesn't matter." (*Id.* at ¶ 263.) Shkolnik returned to work on April 16, 2007. (*See* Plaintiff's Brief at p. 7, Dkt. No. 45.)  After being employed for approximately 15 years, Philips eliminated Shkolnik's position and terminated Shkolnik's employment on May 31, 2007. (*Id.*)

Subsequently, Shkolnik filed this action against Phillips claiming a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101

3

and New York State Human Rights Law § 296. Phillips then moved for summary judgment.

## **DISCUSSION**

Summary judgment may be granted only if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat a summary judgment motion, the nonmoving party must show sufficient evidence to create a genuine issue of material fact. *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). However, the court must draw all facts and inferences in the light most favorable to the plaintiff. *LaTrieste Rest. and Cabaret Inc. v. Vill. of Port Chester,* 40 F.3d 587, 589 (2d Cir. 1994).

The ADA prohibits an employer from discriminating against an employee "because of the disability of such individual." *Roberts v. Health Ass'n,* 308 F.App'x. 568, 570 (2d Cir. 2009). In the absence of evidence of direct discrimination, the court analyzes ADA claims under the burden-shifting framework of *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802-04 (1973). *Fall v. N.Y. State United Teachers,* 289 F.App'x. 419, 420-22 (2d Cir. 2008). Under this framework, a plaintiff bears the burden of establishing a prima facie case showing he: (1) had a disability within the

4

meaning of the ADA; (2) was qualified, with or without a reasonable accommodation, to perform the essential job functions of the position in question; and (3) suffered an adverse employment action because of his disability. *Id.* The burden then shifts to the employer to articulate some legitimate, nondiscriminatory reason for the employer's actions. *Id.* If the employer articulates such a reason, the burden returns to the employee to show the employer's justification is a pretext. *Id.*[1]

Here, it is undisputed that Phillips is subject to the ADA and that Shkolnik's cancer is a disability within the meaning of the ADA. Phillips contends that Shkolnik's job performance was below expectations, but for purposes of establishing his prima facie case, the court determines that Shkolnik also meets the qualification requirement because he possesses the skill and experience required to perform the essential functions of his job, with or without a reasonable accommodation, after having worked for Philips for 15 years. The court, thus, focuses on the parties' disputes as to whether or not Shkolnik meets the fourth element of his prima facie case by establishing that he suffered an adverse employment action because of his

---

[1] The court analyzes disability discrimination claims under New York Human Rights Act using the same framework as claims brought under the ADA. *Id.*

5

disability.

Phillips mainly contends that Shkolnik was a poor employee whose position was to be eliminated as part of a reorganization regardless of Shkolnik's illness. The court, however, determines that the sequence of certain events raises a question of fact as to whether or not Shkolnik suffered an adverse employment action because of a disability. Particularly, the court notes that: (1) in early March 2007, Shkolnik was diagnosed with kidney cancer; (2) Shkolnik then informs his supervisor that he was going to be out because "he had a medical procedure" (*see* Barber's Deposition at p. 25, Dkt. No. 44-34); (3) on March 16, 2007, Shkolnik undergoes surgery; (4) with approval of his supervisor, Shkolnik takes a leave of absence; (5) after his surgery, Shkolnik receives telephone calls, even while he was in the hospital (*See* Defendant's Statement of Material Facts, Dkt. No. 33 at ¶ 314), from his supervisor and human resources personnel inquiring as to when Shkolnik was to return to work; (6) Shkolnik returns to work one month after surgery; and (7) one month later, Philips terminates Shkolnik from his employment.

The parties dispute whether Philips knew about Shkolnik's cancer diagnosis. Shkolnik states that he informed his supervisor regarding his

6

illness and that his medical procedure was to remove a cancerous tumor. Philips contends it had no information regarding Shkolnik's illness or the type of procedure Shkolnik underwent. The court, however, is dubious of Philips' claim that it was unaware of the nature of Shkolnik's medical condition considering the fact that Shkolnik took an entire month of accrued sick leave during which time Shkolnik, his supervisor, and Human Resources personnel communicated about the length of Shkolnik's medical leave. (*See* Barber's Deposition at pp. 34-38, 43-46, 51-53, Dkt. No. 44-34, and Arnold's Deposition at pp. 25-34, Dkt. No. 44-35.)

In addition, the sequence of events prior to Shkolnik's termination also raises a question of fact as to whether the reasons for termination advanced by Phillips were pretextual. Phillips insists that the company's reorganization was a major part of the reason for Shkolnik's termination and points to the record indicating that there were indeed such plans. In this circuit, however, Shkolnik has to show only that his disability was one of the factors in his termination. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 337 (2d Cir. 2000). Here, the court notes that although there were previous talks about eliminating Shkolnik's position, he was not terminated at the time and a possibility existed, a month before he was

7

diagnosed with cancer, to move Shkolnik to another position rather than terminate him. *(See* Defendant's Statement of Material Facts, Dkt. No. 33 at ¶ 184.)  A reasonable juror could conclude these plans changed once Shkolnik was diagnosed with cancer the following month.  Phillips contends it also terminated the job of another individual who held the same position as Shkolnik.  However, the fact that another individual was also terminated at the same time does not *clearly* demonstrate the two employees' circumstances surrounding their termination were the same.

Having made these determinations, and viewing the facts in the light most favorable to Shkolnik, the court finds that there are genuine issues of material fact and summary judgment is not warranted.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that Phillips' motion for summary judgment (Dkt. No. 28) is **DENIED**; and it is further

**ORDERED** that the Clerk provide copies of this Decision and Order to the parties.

**IT IS SO ORDERED.**

Albany, New York
July 27, 2009

_____
United States District Court Judge

8